IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY LEE RUGGLES,,

    Petitioner,                   No. CIV S-08-2071-GGH P

    vs.

JOHN MARSHALL, et al.,

    Respondents.          ORDER

_____/

        Petitioner, apparently a state prisoner proceeding pro se,[1] has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has failed to file a complete in forma pauperis affidavit, or in the alternative, to pay the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

---

[1] Petitioner states he is incarcerated at California Men's Colony in his petition but also writes that he is on parole in his incomplete in forma pauperis application.

1

be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, within which petitioner has altogether failed to set forth his claims coherently, petitioner appears to be claiming that some of his claims have been exhausted while others have not. See, e.g., petition, p. 12. Thus, it appears that not all of the claims have been presented to the California Supreme Court, and petitioner presents with a mixed petition. Moreover, it is not even clear whether petitioner is a prisoner or a parolee. The petition will be dismissed with leave to amend within thirty days. Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807 (2005) (prisoner may file "protective" petition in federal court seeking stay and abeyance until state court remedies are exhausted).

In an amended petition, petitioner must clearly set forth his grounds for relief, identifying those which are exhausted and those which remain unexhausted on which he intends to proceed.[3] If petitioner files a mixed amended petition and seeks a stay, he must show good cause for not having exhausted any claims before proceeding to this court. Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005). In Rhines, supra, at 277-78, 125 S. Ct. at 1535, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation.

Finally, petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

2. The petition is dismissed with leave to file an amended petition, within thirty days, as set forth above;

3. Failure to comply fully with this order will result in a recommendation of dismissal; and

4. Petitioner's September 3, 2008 (# 3), request for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: 10/03/08                                  /s/ Gregory G. Hollows

                                                 GREGORY G. HOLLOWS
                                                 UNITED STATES MAGISTRATE JUDGE

GGH:009/cm
rugg2071.ord